**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

FRANK SPRIGGS PETITIONER

V. NO. 4:16cv00721-JM-JTR

STATE OF ARKANSAS RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On October 6, 2016, this Petition for Writ of Habeas Corpus was filed by Tamika Roby, on behalf of Frank Spriggs ("Spriggs"), a prisoner at the Pulaski County Regional Detention Facility ("PCRDF"), and the filing fee was paid.[1] *Doc. 1*. The habeas Petition alleges that Spriggs "appealed" a $300 fine from Pulaski

[1]It appears Ms. Roby may be the mother of Spriggs.

County District Court to Pulaski County Circuit Court. When Spriggs appeared in Pulaski County Circuit Court "for trial on a special appearance," he alleges that the judge told him he was being sent to the Arkansas State Hospital for a competency evaluation. According to Spriggs, the bailiff then handcuffed him and took him to jail "with no bond or knowledge of when [he] would be released." *Id. at pp. 6-7*. He argues that: (1) he is being detained without having committed any crime; and (2) "this was an appeal but [he] was being treated as if [he] had no trial before" and had received a "harsher punishment" than what was imposed in district court. *Id.*

On October 13, 2016, the Court entered an Order that brought to Spriggs's attention three deficiencies in his habeas Petition. *Doc. 2*.

First, the Order explained to Spriggs that he, *not* Ms. Roby, must sign the habeas Petition:

> A habeas application must be signed and verified "by the person for whose relief it is intended" or "by someone acting in his behalf." 28 U.S.C. § 2242; *see* Rule 2(c)(5), Rules Governing § 2254 Cases in United States District Courts. Standing to proceed as a "next friend" on behalf of a habeas petitioner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The putative next friend bears the burden of establishing the "propriety of his status" in order to "justify the jurisdiction of the court." *Id.* at 164. Two showings are required: (1) that the prisoner is unable to prosecute the habeas petition himself due to "inaccessibility, mental incompetence, or other disability"; *and* (2) that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," which can be established by showing "some significant relationship" with the prisoner on whose behalf he seeks to act. *Id.* at 163-64. *See also Amerson v. Iowa*, 59 F.3d 92, 93 n.3 (8th Cir. 1995).

> Ms. Roby has not demonstrated that Spriggs is unable to seek relief on his own behalf, or that any relationship exists that would ensure her commitment to his best interests. Therefore, it is improper for her to sign on his behalf.

*Doc. 2, at pp. 1-2*.

Second, the Order explained to Spriggs that the State of Arkansas was *not* the proper Respondent:

> [T]he Petition names the State of Arkansas as the sole Respondent. The correct Respondent is the Pulaski County Sheriff, Charles "Doc" Holladay, the officer having custody of persons incarcerated in the PCRDF. *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority"); § 2254 Rule 2(a); Ark. Code Ann. § 12-41-502 (Westlaw 2016) (county sheriff "shall have the custody, rule, and charge of the jail within his or her county and all prisoners committed in his or her county").

*Doc. 2, at p.2*.

Third, the Order explained to Spriggs the ways in which his habeas allegations were deficient:

> [T]he Petition does not provide sufficient information for this Court to determine if Spriggs's federal habeas action should be allowed to proceed. *See* § 2254 Rule 4 (a federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). Specifically, it appears that Spriggs's criminal proceedings are still ongoing in Pulaski County Circuit Court and that he has not pursued – much less exhausted – his available remedies in state court.

*Doc. 2, at p.3* (footnotes omitted).[2]

---

[2]The Court specifically directed Spriggs: (1) to clarify the status of his criminal proceedings in Pulaski County Circuit Court; and (2) to state what steps he had taken to challenge the legality of

Finally, the Order directed the Clerk of the Court to provide Spriggs with the standard form for filing a 28 U.S.C. § 2254 petition (Form AO 241), and Spriggs was ordered to: (1) fully complete the applicable sections of the § 2254 Petition; (2) name Sheriff Holladay as Respondent; (3) sign and date the § 2254 Petition on the applicable page; and (4) file the completed and signed form with the Court on or before November 14, 2016. The Court advised Spriggs that, if he failed to timely and fully comply with the Court's instructions, his habeas action could be dismissed, without prejudice. *Doc. 2, at p.4.*

The Clerk of the Court sent Spriggs the October 13, 2016 Order and Form AO 241, via regular mail, at the only address provided for him, the PCRDF. The United States Postal Service returned that mailing marked "Return to Sender, Attempted – Not Known, Unable to Forward." *Doc. 3*. The Clerk of the Court also separately mailed Spriggs a file-marked copy of the habeas Petition filed by Ms. Roby. The United States Postal Service returned that mailing marked "Return to Sender, No Longer Here." *Doc. 4*.[3]

---

his detention through the state court system. *Doc. 2, at p.3.*

According to the Pulaski County Circuit Court records, on October 18, 2016 (12 days after this habeas action was filed), Spriggs dismissed his appeal to the Pulaski County Circuit Court, the competency evaluation order was withdrawn, and his case was remanded to the district court. *See State v. Frank Spriggs*, Pulaski Co. Cir. Ct. Case No. CR 2016-2664 (docket sheet accessible at https://caseinfo.aoc.arkansas.gov).

[3]The Court has contacted the PCDRF and, according to its inmate roster, Spriggs was released from that facility on October 12, 2016.

Rule 5.5(c)(2), of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

In violation of this Rule, Spriggs has not provided the Court with his new address.

The November 14, 2016 deadline for responding to the Court's October 13, 2016 Order has expired, Spriggs has filed nothing, and the only pleading filed in this action is the initial habeas Petition. Thus, the record makes it clear that Spriggs has violated all of his obligations under Local Rule 5.5(c)(2), and has failed to prosecute this action diligently.[4]

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE for failure to comply with Local Rule 5.5(c)(2), failure to respond to the Court's Order, and failure to prosecute

---

[4] *See* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).

the action diligently. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); § 2254 Rule 11(a).

DATED THIS 22nd DAY OF November, 2016.

UNITED STATES MAGISTRATE JUDGE